# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between (a) SUSY CHINCHON, individually, together with her heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Chinchon") and (b) JACK KACHKAR, individually, together with his heirs, agents, legal representatives, successors, and assigns (hereafter referred to as "Kachkar")

1. **Purpose:** The purpose of this Agreement is to conclusively resolve and settle all claims that Chinchon may have against Kachkar including, but not limited to, any claims for relief that were made or could have been made by Chinchon in the matter of *Susy Chinchon v. Jack Kachkar, et al* in the United States District Court, Southern District of Florida, Case No. 0:15-cv-22515-KMM. It is a further and equal purpose of this Agreement to resolve any and all disputes, controversies, or claims, that exist or may exist in the future between these parties, which arise out of facts or circumstances occurring in whole or in part on or before the effective date of this Agreement, whether facts regarding any such claims are presently known or unknown, and regardless of whether same may be claimed to exist under current or future laws or interpretation of law.

2. **Opportunity to Negotiate, Consider and Consult with Counsel:** The terms of this Agreement are the product of negotiations between the parties hereto, and the parties stipulate that the consideration given to support the obligations of this Agreement is the full consideration agreed to, and that neither has received any other promises, inducements, or concessions in support of the duties imposed. In executing this Agreement, neither party has relied on any representation, compromise, conduct or action made by or on behalf of the other party or the other party's attorneys. Both parties acknowledge that they have obtained the advice of competent counsel and agree that they have been given a reasonable period of time within which to consider this Agreement. Chinchon and Kachkar confirm that they had this Agreement explained to them by their attorneys, they are relying on their own judgment and on the advice of their respective attorneys, and each confirms their competence to understand and does hereby accept the terms and conditions of the Agreement.

3. **No Admission of Liability:** The parties stipulate and agree that entry into this Agreement does not constitute, for any purpose whatsoever, either directly or indirectly, an admission of any liability whatsoever, and that Kachkar expressly denies any such liability. This Agreement represents the compromise of disputed and contingent claims.

4. **Consideration:** The consideration given by Kachkar to Chinchon under this Agreement consists of payment to Chinchon of $8,000.00 Dollars and Zero Cents ($8,000.00) to be distributed as follows:

(a) ~~_____ and Zero Cents ($_____.00) minus all applicable withholdings, payable to Susy Chinchon;~~

---

SETTLEMENT AGREEMENT AND RELEASE
PAGE 1

S Ch.
Chinchon's Initials

\\—
Kachkar's Initials

(b) ~~Eight Thousand~~ _Eight Thousand dollars_ and Zero Cents ($8000.00), payable to Law Office of Lowell J. Kuvin, LLC, _Client Trust Account_

**THE ABOVE-REFERENCED PAYMENTS SHALL BE DELIVERED TO THE LAW OFFICE OF LOWELL J. KUVIN, LLC** ~~WITHIN SEVEN (7) DAYS~~ **OF THE DATE THIS AGREEMENT IS EXECUTED BY BOTH PARTIES.** The consideration given by Chinchon to Kachkar in support of this Agreement consists of full performance of each and every one of the respective obligations described in this document, all of which are expressly made material. _Calkla Viktoria Benkovitch_ _On or before 1/31/17._

5.  **Mutual Release:** For and in consideration of the required acts and promises set forth in the text of this Agreement, Chinchon hereby knowingly and voluntarily releases and discharges JACK KACHKAR, VICTORIA BENKOVITCH, MICHAEL KACHKAR and ELISABETH ALEXANDRA BENKOVITCH (together, "Named Defendants"), from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Chinchon has or might have as a result of, or in any way connected with her alleged employment or separation of employment with Kachkar, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1866 and 1871, the Americans With Disabilities Act, the Employee Retirement Income Security Act, as amended, The Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, the Family and Medical Leave Act, the Pregnancy Discrimination Act, the Equal Pay Act of 1973, the Rehabilitation Act of 1973, the Occupational Safety and Health Act, the Immigration Reform and Control Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Civil Rights Act of 1991, 42 U.S.C. § 1981, the Genetic Information and Nondiscrimination Act, the Florida Civil Rights Act of 1992, as amended, the Florida Whistleblower Act, Florida Statutes Section 440.205, the Florida Minimum Wage Act and all other local, state or federal laws including but not limited to those relating to discrimination, denial or termination of any health benefit or benefits of any other kind, or any claims of breach or violation of public policy, any claims arising under the Federal or any state constitution, wrongful or constructive discharge, retaliatory discharge, breach of contract, wage claims, including but not limited to claims for bonuses, severance, vacation and overtime, promissory estoppel, fraud, fraudulent misrepresentation or concealment, retaliation, breach of the covenant of good faith and fair dealing, intentional and/or negligent infliction of emotional distress, outrageous conduct, interference with prospective business advantage, negligence, negligent misrepresentation or concealment, wrongful or bad faith termination, defamation and other business or personal injury, or any other claims or rights to damages, whether contractual, liquidated, compensatory, exemplary, or punitive, or rights to or claims for injunctive or equitable relief, or rights to or claims for expenses, costs, fees, attorneys' fees, and all losses of any kind whatsoever, which Chinchon has or might have by virtue of any fact(s), act(s) or event(s) occurring prior to the effective date of this Agreement. In addition, Kachkar hereby knowingly and voluntarily releases and discharges Chinchon, from any and all claims, demands,

---

SETTLEMENT AGREEMENT AND RELEASE
PAGE 2

_S Ch_
Chinchon's Initials

_[signature]_
Kachkar's Initials

causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any other law or statute whatsoever, which Kachkar has or might have as a result of, or in any way connected with her employment or separation of employment with Kachkar.

6. **Approval of Settlement and Dismissal of Lawsuit With Prejudice:** Upon receipt by the Law Office of Lowell J. Kuvin, Esq. of the consideration listed above, within seven days Chinchon shall file all necessary documents to seek court approval of this settlement agreement and dismissal with prejudice of the Lawsuit, including signing a Joint Motion to Approve Settlement and Stipulation of Voluntary Dismissal with Prejudice. Chinchon shall thereafter, as quickly as practicable, obtain prejudicial dismissal of all claims against Kachkar and Named Defendants, with the parties bearing their respective costs and expenses, including attorney's fees. Chinchon and Kachkar agree not to reargue, reinstitute, or refile any of those claims or the otherwise released claims in any court or other legal forum whatsoever, nor shall any other court actions or other legal proceedings of any type be filed that are connected in any fashion to the employment of Chinchon with Named Defendants or Chinchon's separation from that employment, or for any personal injuries sustained in the course of such employment, or by virtue of or related to any other facts, acts, or events occurring in whole or in part on or before the effective date of this Agreement. **NON-PAYMENT OF THE CONSIDERATION LISTED ABOVE** ~~WITHIN SEVEN DAYS~~ **OF EXECUTION SHALL BE A MATERIAL BREACH OF THIS AGREEMENT, AND RENDER THIS AGREEMENT NULL AND VOID.** ↓ on or before 1/31/17.

7. **Withdrawal of Other Claims/Charges:** Chinchon specifically agrees: (A) that any claims she has or might have pertaining to Named Defendants' employment practices arising under any municipal, state, or federal law are completely settled; and (B) that she will withdraw any pending complaints, charges, claims, or causes of action that may have been filed against Kachkar and/or Named Defendants with any municipal, state, or federal government agency or court. Nothing in this Agreement is intended to, or shall, interfere with Chinchon's rights under federal, state, or local civil rights or employment discrimination laws to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal, state, or local government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation, none of which shall constitute a breach of this Agreement. Chinchon shall not, however, be entitled to any relief, recovery, or monies in connection with any such action or investigation brought against Kachkar or Named Defendants, regardless of who filed or initiated any such complaint, charge, or proceeding.

8. **No Re-Employment:** Chinchon expressly waives and disclaims any right to reinstatement or reemployment with Kachkar and Named Defendants, and agrees never to seek employment with Kachkar or Named Defendants at any time in the future. Chinchon agrees and acknowledges that her signature on this Agreement is grounds for immediate rejection of any application for employment submitted by her.

---

SETTLEMENT AGREEMENT AND RELEASE
PAGE 3

S Ch.
Chinchon's Initials

Kachkar's Initials

9. **Acknowledgment of Receipt of All Payment Owed:** Upon receipt within seven days of execution of this Agreement of the consideration listed above, Chinchon agrees and acknowledges receipt of all salary, wages, overtime payments, liquidated damages and employee benefits to which she was and/or is entitled as a result of her alleged employment with Kachkar and/or Named Defendants.

10. **Attorneys' Fees:** In the event of a dispute regarding this Agreement, the prevailing party shall be entitled to recover its attorneys' fees, expert witness fees, and costs of court.

11. **Maintaining Jurisdiction to Enforce:** The Parties agree to move the Court to maintain jurisdiction to enforce the terms of this Agreement.

12. **No Changes to Agreement:** No modifications or amendments to any of the terms, conditions, or provisions of this Agreement may be made except by a written agreement executed by all parties hereto.

13. **Severability:** Unless indicated previously, f any provision(s) of this Agreement are held to be illegal, invalid or unenforceable under present or future laws, any such provision(s) shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement shall thereafter be construed and enforced as if such illegal, invalid, or unenforceable provision(s) had never comprised a part hereof. In such case, the remaining provision(s) of this Agreement shall continue in full force and effect and shall not be affected by any such illegal, invalid, or unenforceable provision(s) or by severance herefrom.

14. **Effect of Waiver:** The waiver by any party hereto of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach of any party, nor shall any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement shall permit the non-breaching party to repudiate this Agreement or refuse or fail to perform any obligation required hereunder.

15. **Governing Law:** The laws of the State of Florida shall govern the validity, construction, and enforcement of this Agreement.

---

SETTLEMENT AGREEMENT AND RELEASE
PAGE 4

S Ch.
Chinchon's Initials

Kachkar's Initials

16. **Ownership of Claims:** Chinchon represents and warrants that she has not sold, assigned, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any action, cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever, relating to any matter covered by this Agreement.

17. **Multiple Originals:** ~~This Agreement is executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Electronic and fax signature copies shall be deemed originals.~~

18. Plaintiff shall accept this Agreement on or before 12/9/16 at 5pm, Est—otherwise this is Null & Void. *

DATE: December __9__, 2016      Signature: _Susy Chinchon_
                                          Susy Chinchon

DATE: December __6__, 2016      Signature: _____
                                          Jack Kachkar

\* Plaintiff to fax executed Agreement to Kevin Gleason at 954-893-7675.

SETTLEMENT AGREEMENT AND RELEASE
PAGE 5